IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01497-WYD-KLM

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

    Petitioner,

v.

JAMES BOWLES,

    Respondent.
_____

**ORDER ENFORCING ADMINISTRATIVE SUBPOENA**
_____

This matter is before the Court on the Secretary of Labor's **Petition for Enforcement of Administrative Subpoena** [Docket No 1. Filed July 16, 2008] (the "Petition") and the **Secretary's Motion for Order Compelling Testimony and Production of Documents Pursuant to Administrative Subpoena** [Docket No. 14; Filed October 2, 2008] (the "Motion"). Respondent James Bowles answered the Petition and suggested that the subpoena is unduly burdensome [Docket No. 12], however, he failed to attend the hearing set by the Court and to provide good cause for his failure to comply with the subpoena and to substantiate his claim that the subpoena is unduly burdensome. Having considered the Secretary of Labor's Petition and Motion, Respondent's Answer, and the testimony of the Secretary's representative at the hearing conducted in this matter on September 25, 2008 [Docket No. 13], the Court is fully advised in the premises.

An agency is entitled to enforcement of an administrative subpoena where (1) the inquiry at issue in the subpoena is within the authority of the agency; (2) the demand for production is sufficiently definite; and (3) the documents and information sought are

reasonably relevant to the authorized inquiry. *See EEOC v. Univ. of N.M.*, 504 F.2d 1296, 1302 (10th Cir. 1974) (citation omitted). "If the government makes this preliminary showing, the burden then shifts to the respondent to prove that enforcement of the subpoena would be improper." *Chao v. Cmty. Trust Co.*, 474 F.3d 75, 79 (3d Cir. 2007) (citation omitted).

Here, the Court finds that Petitioner has made the required preliminary showing. First, pursuant to 29 U.S.C. § 1134, the Secretary of Labor has authority to investigate whether any person has committed a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). To that end, the Secretary may "require the submission of reports, books, and records" and may also require the "attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49; 29 U.S.C. § 1134(a)(1) & (c). Second, the documentary demands contained in the subpoena are definite in time and scope in that Respondent is directed to provide documents from January 1, 2002 to the date of production which fall within twenty-five specific categories. Third, the documentary demands contained in the subpoena appear to be relevant to the investigation into whether the requirements of ERISA were violated. Accordingly, the burden shifts to Respondent to show that enforcement of the subpoena would nevertheless be improper.

Respondent has failed to meet his burden. Although he filed an Answer to the Petition and raised the issue of undue burden, he failed to attend the show cause hearing set by the Court and to substantiate his claims. *See, e.g.*, *Pennington v. Donovan*, 574 F. Supp. 708, 709 (S.D. Tex. 1983) (rejecting subpoena recipient's assertion that compliance

with the subpoena would require great expense). Moreover, Respondent does not contend that the subpoena exceeds the authority of the Secretary, nor does he make any privilege or jurisdictional arguments regarding its enforceability.

IT IS HEREBY **ORDERED** that the Petition and Motion are **GRANTED**. Respondent, custodian of records of the American Select Insurance Management Corporation Health Plan (the "Health Plan") and the American Select Insurance Management Corporation 401(k) Plan and Trust (the "401(k) Plan"), shall produce to Annette Novak, Investigator for the Employee Benefits Security Administration ("EBSA"), United States Department of Labor, the documents requested in the January 18, 2008 subpoena [Docket No. 1-3] issued by Steven R. Eischen, Regional Director of EBSA and hereinafter described.

IT IS FURTHER **ORDERED** that Respondent shall appear to testify before Investigator Annette Novak and shall make documents subject to the subpoena, as listed below, available for inspection and copying by Ms. Novak on **November 19, 2008 at 11:00 a.m.** Respondent shall appear, and said documents shall be delivered, in person at the **United States Department of Labor, Office of the Solicitor, 1999 Broadway, Suite 1600, Denver, Colorado 80202**.

IT IS FURTHER **ORDERED** that on **November 19, 2008 at 11:00 a.m.**, Respondent shall provide Ms. Novak with a written statement which lists the documents being produced. If documents of the type requested by the subpoena do not exist or are not in Respondent's possession or control, Respondent shall so state in his written statement.

3

IT IS FURTHER **ORDERED** that Respondent shall produce all documents in existence from January 1, 2002 up to November 19, 2008 which fall within any of the following twenty-five categories.

**401(k) PLAN**

1. Documents which identify the Trustees, Board Members and Owners of American Select Insurance Management Corporation ("ASIMC") and the dates each served in such capacity.

2. All Form 5500s filed with the Internal Revenue Service for the 401(k) Plan.

3. All salary reduction agreements completed by ASIMC employees relating to participation in the 401(k) Plan.

4. All documents relating to loans from the 401(k) Plan, including the 401(k) Plan's loan policy, loan agreements, amortization schedules, promissory notes, and repayment records.

5. Fidelity Bond (fraud & dishonesty), including 401(k) Plan's declaration page and loss payover rider.

6. Minutes of 401(k) Plan Trustees' Meetings, 401(k) Plan Administrator and/or 401(k) Plan Administrative Committee Meetings, Board of Directors or any other Committees of the 401(k) Plan Sponsor as they relate to any of the 401(k) Plan's assets or liabilities.

7. All agreements or contracts between and/or among third party service providers and ASIMC and the 401(k) Plan, and all amendments to such agreements.

8. All correspondence, memorandum, notes and other written records between the 401(k) Plan and/or ASIMC and any service provider relating to any matter involving the 401(k) Plan.

9. All documents relating to ASIMC's notification to 401(k) Plan participants regarding employer matching contributions.

10. ASIMC's Audited Financial Statements, including accountant's opinions, notes to the financial statements and Summary Annual Reports.

11. All monthly bank statements for bank accounts utilized by ASIMC.

12. ASIMC's canceled checks, both front and back, and any documents evidencing remittance of employees' 401(k) Plan withholdings and employer matching amounts submitted.

13. Listing of assets, liabilities, income and expenses, and transaction records relating to the 401(k) Plan including accounting ledgers, cash receipts and disbursements journal, bank statements, and canceled checks.

14. All ASIMC Form W-2 Wage and Tax Statements and Form W-3 Transmittal of Wage and Tax Statements.

15. ASIMC's Form 1120/1120S U. S. Corporation Income Tax Return, including all schedules and amendments.

**HEALTH PLAN**

16. All contracts and agreements, including contracts and agreements between the Health Plan and/or ASIMC and any insurance carrier and third party service providers.

17. Enrollment package/forms provided to participants in the Health Plan.

18. All documents describing the benefits provided by the Health Plan including, but not limited to, summary plan description and participant benefits booklets.

19. Notice of termination of policy for any Health Plan.

20. All correspondence, memorandum, notes and other written records between the Health Plan and/or ASIMC and any insurance carrier or service provider relating to any matter involving the Health Plan.

21. Health Plan Reports including Lag Reports, Large Claim Reports, including stop loss claim analysis, Claims Aging Reports, Reports of Claims Denied and Reports of Claims Incurred But Not Yet Paid.

22. All notices and documentation relating to the rights and benefits for the Health Plan participants under the Heath Insurance Portability and Accountability Act concerning Pre-Existing Exclusions, Certificates of Creditable Coverage, Special Enrollment Rights, Women's Health and Cancer Rights Act, Newborns' and Mothers' Health Protection Act, and the Mental Parity Act.

23. Documents identifying claims denied for the Health Plan as a result of termination of policy. The Documentation should include each beneficiary's name and dollar amount of claims denied.

24. ASIMC's canceled checks, both front and back, and any documents evidencing remittance of Health Plan contributions and/or premiums and employer contributions and/or premium amounts submitted.

25. History of invoices billed to ASIMC, and dates and amounts of payments made to the insurance carrier by ASIMC relating to the Health Plan.

Respondent is informed that failure to comply with this Court Order "may be punished by such [C]ourt as a contempt thereof." 15 U.S.C. § 49.

DATED: October 7, 2008 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge